```
 1  Thomas H. Scully (Cal. SBN: 305790)
 2  Thomas@ThomasScullyLaw.com
 3  Attorney for Plaintiff:
 4  Terrence M. Wyles
 5  Business Address:
 6  10736 Jefferson Blvd., #117
 7  Culver City, CA  90230
 8  Telephone: (310) 439-1140
 9  Facsimile: (509) 756-6952
10
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE M. WYLES,<br>              Plaintiff<br>       v.<br><br>ALLEN ZACHARY SUSSMAN;<br>LOEB & LOEB L.L.P;<br>ALUMINAID INTERNATIONAL, A.G.;<br>WEST HILLS RESEARCH &<br>DEVELOPMENT, INC. (f/k/a<br>Aluminaid, Inc.); ALUMINAID PTE<br>LTD., aka ADVANCED FIRST AID<br>RESEARCH PTE LTD.; CARL JOHAN<br>FREER; JAMES JOHN HUNT, aka<br>JAMES HUNT; ADAM FREER, aka<br>ADAM AGERSTAM, aka ADAM<br>CARL-JOHAN AGERSTAM; JULIA<br>FREER-AGERSTAM, aka JULIA<br>FREER, aka JULIA AGERSTAM;<br>DAVID ANDREW WARNOCK, aka<br>DAVID WARNOCK; ALEX ARENDT;<br>JOSEPH MATHEW MARTEN, aka JOE<br>MARTEN; and THOMAS D. BRADY,<br>aka TOM BRADY.<br><br>              Defendants. | CASE NUMBER:<br><br>2:17-cv-07722-DMG-SK<br><br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY RESPONSES FROM BRADY**<br><br>Discovery Document Referred To: Magistrate Judge Steve Kim<br><br>Hearing Date: _____, 2020<br>Time:  10:00AM<br>Courtroom:  540 Roybal |

**PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY FROM BRADY**

**TO JOSEPH MATHEW MARTEN, THOMAS D. BRADY, THIS COURT AND ALL ATTORNEYS OF RECORD:**

 **NOTICE IS HEREBY GIVEN** that on _____, 2020 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 540, 5th Floor of the above captioned District Court, located at the Roybal Federal Building and United States Courthouse, 255 E. Temple Street, , Los Angeles, California 90012, Terrence Wyles ("Plaintiff") will move, and hereby does move, for a orders to compel Thomas D. Brady to respond to written discovery, specifically the following:  Brady's appearance at his stipulated original deposition date December 13, 2019; Brady's refusal to answer questions put to him during a deposition February 7, 2020; and, Brady's failure to respond to written discovery, either by providing answers to the Request for Admission or by making a timely objection. Mr. Brady's approach was entirely in concert with his, and other defendants', refusing to participate or follow normal civil procedure rules.

 This Request will be based on this Notice, the Memorandum of Points and Authorities, declarations filed concurrently, as well as the complete file, oral arguments, and any other material the Court may find appropriate to consider.

        Respectfully submitted,
        **Law Offices of Thomas Scully**

        _____
        *Thomas Scully, Esq.,*
        *Attorney for Plaintiff Terrence M. Wyles*

**PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY FROM BRADY**

Table of Contents

I. STATEMENT OF FACTS ............................................................................... 2

II. BRADY STIPULATED TO A DEPOSITION DATE DECEMBER 13, 2019 BUT THEN REFUSED TO APPEAR ..................................................... 3

III. BRADY REFUSED TO RESPOND TO DEPOSITION QUESTIONS THAT WERE NOT PRIVILEGED ................................................................. 5

IV. BRADY FAILED TO RESPOND TO WRITTEN DISCOVERY PROPOUNDED BY PLAINTIFF .................................................................... 8

   A. Brady Ignored the First Set of Requests for Admission Without Providing Any Objection ................................................................................ 8

   B. Brady Ignored a Second Set of Requests for Admission Narrowly Tailored to Discovery Related to Mr. Hunt, Without Providing Any Objection ........................................................................................................ 9

V. THOMAS BRADY IS LIABLE FOR DISCOVERY SANCTIONS ........... 9

   A. Requests for Admission Should be Deemed Admitted as True ............... 9

   B. Thomas Brady Should be Compelled to Submit to a New Deposition to Replace the One Avoided in December 2019 .................................................. 10

   C. Thomas Brady Should Pay Monetary Sanctions to Plaintiff .................. 11

VI. CONCLUSION ............................................................................................. 12

ATTACHMENTS ................................................................................................. 1

CERTIFICATE OF SERVICE .............................................................................. 1

**PLAINTIFF'S NOTICE OF MOTION TO COMPEL DISCOVERY FROM BRADY**

Thomas H. Scully (Cal. SBN: 305790)
Thomas@ThomasScullyLaw.com
Attorney for Plaintiff:
Terrence M. Wyles
Business Address:
10736 Jefferson Blvd., #117
Culver City, CA  90230
Telephone: (310) 439-1140
Facsimile: (509) 756-6952

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE M. WYLES,<br>           Plaintiff<br>v.<br><br>ALLEN ZACHARY SUSSMAN; LOEB & LOEB L.L.P; ALUMINAID INTERNATIONAL, A.G.; WEST HILLS RESEARCH & DEVELOPMENT, INC. (f/k/a Aluminaid, Inc.); ALUMINAID PTE LTD., aka ADVANCED FIRST AID RESEARCH PTE LTD.; CARL JOHAN FREER; JAMES JOHN HUNT, aka JAMES HUNT; ADAM FREER, aka ADAM AGERSTAM, aka ADAM CARL-JOHAN AGERSTAM; JULIA FREER-AGERSTAM, aka JULIA FREER, aka JULIA AGERSTAM; DAVID ANDREW WARNOCK, aka DAVID WARNOCK; ALEX ARENDT; JOSEPH MATHEW MARTEN, aka JOE MARTEN; and THOMAS D. BRADY, aka TOM BRADY.<br><br>           Defendants. | CASE NUMBER:<br><br>2:17-cv-07722-DMG-SK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM BRADY**<br><br>Magistrate Judge Steve Kim<br><br>Hearing Date: _____, 2020<br><br>Time:  10:00AM<br><br>Courtroom:  540 Roybal |

1
**MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

1. The non-expert discovery cut-off was originally set by the Court, the Honorable Gee presiding, as December 10, 2019 (Doc. 158).

2. Mr. Wyles propounded a set one of Requests for Admission numbered 1-32 on about December 2, 2019 on Thomas Brady. *See*, Stipulation, 5:19-8:23. Mr. Brady never responded, nor did he object or move for a protective order.

3. Prior to the discovery cut-off, Brady, *pro se*, held informal discussions with Counsel for Wyles, Thomas Scully, to agree to a date for his deposition. Around November 20, 2019 Wyles suggested December 6 and December 9, among other dates which would have occurred before discovery cut-off. Mr. Brady requested December 11, but shortly thereafter a scheduling conflict arose.

4. Wyles again suggested December 6 but Brady preferred a later date. Brady agreed to be deposed on December 13, 2019 which was after the discovery cut-off scheduled for December 10. But after December 10 had passed, Brady informed Counsel for Wyles that he would not be appearing for his deposition for the reason that it was after the discovery cut-off. *See* Stipulation para. A.

5. James John Hunt, another named defendant, was served by email in a manner prescribed by the Court December 4, 2019 (Doc. 222, 225). By this time, the opportunity to conduct any discovery at all was foreclosed by the original non-expert discovery cut-off of December 10, 2019. The Court, the Honorable Gee presiding, noted that "it is reasonable to expect that the parties will need additional time to engage in discovery regarding Hunt." Therefore the Court granted an extension to April 20, 2020. (Doc. 228, Order 12/26/2019, para. 1.)

6. Mr. Wyles propounded a new set of Requests for Admission numbered 1-29 January 25, 2020 on Thomas Brady, narrowly tailored to pertain to

the involvement of Hunt. *See*, Stipulation, 8:27-11:15. Mr. Brady never responded, although he did not give any objection or reason that he should not respond. The 30 days to respond or object elapsed by February 25, 2020.

7. On February 7, 2020 during the extended discovery of limited scope, Mr. Brady did give oral testimony in a deposition by Wyles' counsel, and for which Mr. Marten's counsel also appeared. At that deposition, Mr. Brady objected to, and refused to answer, many questions put to him, on the grounds that they exceeded the scope of discovery. *See* Stipulation para. B; deposition transcript.

## II. BRADY STIPULATED TO A DEPOSITION DATE DECEMBER 13, 2019 BUT THEN REFUSED TO APPEAR

Pursuant to the FRCP Rules 29-30, a party may depose another party without leave of court, provided various contingent rules are complied with, such as if the parties have stipulated to a deposition.

> (a)(1) *Without Leave*. A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). … (2) *With Leave*. A party must obtain leave of court, … (A) if the parties have not stipulated to the deposition … FRCP, Rule 30.

Plaintiff sought a deposition of Mr. Brady during the months of November and December of 2019 which was within the timeframe of non-expert discovery. As a courtesy, that is encouraged by the courts, Plaintiff's California counsel, Thomas Scully, telephoned and exchanged emails with Mr. Brady, who is proceeding *pro se*, in order to stipulate to a deposition time and place. Mr. Brady consistently chose later dates, citing health appointments. By the end of November the parties had stipulated to December 11 which was just barely outside the timeframe for discovery that was set to end December 10, 2019. Doc. 158-1. Plaintiff's position is that this agreement was a courtesy to Mr. Brady's schedule and on Brady's part constituted an express waiver of the discovery cut-off as to

that particular method of discovery. A more aggressive posture on the part of California counsel, such as unilaterally noticing a deposition date earlier in the month, without meeting and conferring, would have caused inconvenience, presumably, to the witness, Thomas Brady.

It is uncontested that a scheduling conflict arose regarding the date of December 11, at which point other dates were discussed, including earlier dates, and Mr. Brady preferred the later date of December 13. It is true that either of those later dates would have been just beyond the discovery period but was a permissible stipulation by the parties. According to the afore referenced rule, leave of court must be obtained if the parties had *not* stipulated, but here, the parties had an agreement in place. At least Plaintiff was reasonable in thinking he had an agreement.

Mr. Wyles appeared at his own deposition taken by Marten's counsel on December 9, 2019 at which Mr. Brady also appeared personally and asked questions, which Mr. Wyles answered. A day after this deposition, and when the date set for discovery cut-off had occurred, Brady said that he would not sit for his deposition on December 13, and in fact no deposition took place.

Mr. Brady has effectively manipulated the courtesy extended by Plaintiff's counsel to agree on a deposition date that was after the discovery cut-off, and then fail to appear for it, on the basis that it was after the discovery cut-off. Plaintiff did not immediately move to compel attendance or ask sanctions, however, because of the introduction of the defendant James John Hunt for whom the Court reasonably extended Discovery. In the hopes of obtaining reasonably necessary discovery from Brady, Plaintiff simply proceeded to notice a new deposition during the extended discovery timeframe. They engaged in the same courtesy to agree to a date and that deposition went forward February 7, 2020.

//

**MEMORANDUM OF POINTS AND AUTHORITIES**

### III. BRADY REFUSED TO RESPOND TO DEPOSITION QUESTIONS THAT WERE NOT PRIVILEGED

Under the Federal Rules of Civil Procedure, objections should be made with specificity. Although not binding in the 9th Circuit, a New York court in 2017 analyzed Rule 34 to find a requirement that the objecting party make clear objections specific to each question. *See*, *Fischer v. Forrest*, Nos. 14-1304, 14-1307, 2017 U.S. Dist. LEXIS 28102, at *2 (S.D.N.Y. Feb. 28, 2017). Although the discussion there did not squarely address depositions, it can be seen as persuasive argument that blanket or "boiler-plate" objections are no longer acceptable.

It is uncontested that Mr. Brady appeared *pro se* in what could be described as a limited scope deposition February 7, 2020. Mr. Marten's counsel also participated. Mr. Brady at times answered freely but at other times objected, and refused to answer the questions, even "subject to the objection." Mr. Brady's refusals were all based on his position that the questions were beyond the scope set by the Court, i.e. pertaining to Mr. Hunt only. He often answered a question by saying that it "exceeds the scope" or similar responses.

The collected questions are set out in the Stipulation, paragraphs C-Z and AA-EE on pages 2-5. A number of the questions are important background in order to establish Thomas Brady's awareness of certain things about the "Aluminaid" companies, and to establish the degree of his knowledge. Examples of these lines of questions include the following:

G. Question: "Were you a member of any of the companies' governing board?" 11:12-13. "Were you a member of the advisory board of any of the companies?" 11:17-18.
H. Question: "Were you a member of the management of Aluminaid PTE, Limited?" 11:22-23.
I. Question: "Were you aware that you were listed there as management?" 12:04-05.
J. Question: "When did you first become aware that you were listed by Aluminaid PTE, Limited as … part of the management of Aluminaid PTE, Limited in this document?" 12:08-12. "When did you

first see this document?"[1]  12:17.

  K. Question: "Were you in fact a member of the advisory board of Aluminaid PTE?"  14:03-04.

  L. Question: "Were you in fact a member of the management Aluminaid PTE?"  14:06-07.

  M. Question: "When did you first become aware of anybody saying you were a member of the management of advisory board of Aluminaid PTE?"  14:11-13.

These questions are an attempt to understand how close Mr. Brady may have been to the management of the companies that Mr. Hunt was involved with, since Mr. Brady has at times denied that he ever had a formal relationship with Aluminaid.  Even within a limited scope of discovery focused on the new defendant, James Hunt, it would be reasonable to obtain some of this background in order to gauge Brady's access to information and credibility.

Then, several questions go quite directly to the involvement of James Hunt:

  R. Question: "When you gave your declaration, Exhibit 2, …. And stated that was in support of West Hills Research and Development, did you have an understanding as to whether that was a company that Mr. Hunt was affiliated with?"  24:14-18.

  S. Question: "Did you tell Mr. Hunt about a company called Blu Dane?"  25:18-19.

  T. Question: "You're saying somebody else other than Mr. Hunt sent you do Lobe and Lobe [sic]?"  Answer: "I did not say that." "Well who sent you to Lobe and Lobe [sic]?"  27:02-05.

  U. Question: "Are you aware of working on a sunburn relief product called SiMTech?"  28:13-14.

  V. Question: "Is it possible that if Mr. Hunt testified that he discussed Blu Dane with you that he was correct?"  Answer: "I've already refused to answer the question that I discussed anything with Mr. Hunt."  Question: "You're refusing to answer a question about whether you discussed anything with Mr. Hunt?"  30:03-09

  W. Question: "Were you and Mr. Hunt included on any e-mails regarding Mr. Wyles?"  30:10-11.

  X. Question: "What e-mails did you receive regarding Mr. Wyles that may have also been shared with Mr. Hunt?"  31:06-07.

---

[1] The document referenced is Exhibit 1:  Aluminaid Fast Acting Burn Relief Information Memorandum ("business plan").

      Y.    Question: "Did you include Mr. Hunt on any e-mails you sent regarding Mr. Wyles?" 31:20-21. "So, you're refusing to answer whether you sent any e-mails to Mr. Hunt about Mr. Wyles?" 31:25-32:01.

      Z.    Question: "Did any of the information you received and testified about in your declaration regarding Blu Dane come from Mr. Hunt? 32:13-15.

In these lines of questioning, Plaintiff's counsel probed the connection between Mr. Hunt, the entity known as "West Hills" which was the party in the underlying lawsuit, and the entity alleged to be named "Blue Dane" or "Blu Dane". Mr. Brady balked all of these lines of questions (labeled R-V) including whether Hunt and Brady had ever exchanged emails or information about Wyles (labeled Y-X-Y). This is clearly pertinent to Mr. Hunt and within the limited scope, whether or not it also explains the position of Brady or any other party.

An attempt by Plaintiff to obtain emails between Brady and Hunt was not responded to at any time since the deposition, despite the fact that Brady indicated some emails using his address FIREACTX7777@yahoo.com may have involved Hunt (labeled paragraph AA). Without making any objection, Brady nevertheless has failed to respond in any meaningful way to this perfectly ordinary request.

In summary, and without discussing the basis for every question exhaustively, it is clear that Brady did not respond to a number of questions that were perfectly ordinary and might be expected, even under "limited scope" discovery. Mr. Brady did not object on the basis that the questions were privileged, which would have allowed him not to answer, nor did he respond subject to his objection on the record; he simply refused to answer altogether. This performance was made even more odd by the fact that Brady at times answered freely and discussed matters himself that were not closely tied to Hunt's involvement, such as his conversations with non-parties where Hunt was not present. This shows that Brady was only using the "limited scope" of Hunt to avoid responding where he personally did not feel like giving and answer.

## IV. BRADY FAILED TO RESPOND TO WRITTEN DISCOVERY PROPOUNDED BY PLAINTIFF

A party is expected to make a coherent objection to written discovery, such as Requests for Admission, and not merely ignore such a request. FRCP explicitly requires an objection be "stated" and since we assume that every word of the rule has meaning, it cannot be that less than *stating an objection* is envisioned:

> Rule 36(a)(5) *Objections.* The grounds for objecting to a request must be stated. …
>
> (6) *Motion Regarding the Sufficiency of an Answer or Objection.* The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.

FRCP Rule 36, *See also*, L.R. 36-2. Thomas Brady was presented with two sets of Requests for Admission that he did not respond to, and also did not object to.

### A. Brady Ignored the First Set of Requests for Admission Without Providing Any Objection

Wyles propounded 32 Requests for Admission on Thomas Brady on or about December 2, 2019 which Mr. Brady never responded to. Nor did Mr. Brady ever make an objection or provide a reason that he was not responding. Even taking into account the discovery cut-off then set for December 10 Brady could have easily responded before the cut-off. Brady could have also objected to responding after the discovery cut-off, but he did not make any such objection. The 30 days to respond elapsed at the beginning of January 2020 which was admittedly after the close of non-expert discovery, but was a time when another defendant, James Hunt, was served, and motions on that matter were in play.

### B. Brady Ignored a Second Set of Requests for Admission Narrowly Tailored to Discovery Related to Mr. Hunt, Without Providing Any Objection

Wyles propounded a new set of 29 Requests for Admission on Thomas Brady on or about January 25, 2020 which Mr. Brady never responded to. Nor did Mr. Brady ever make an objection or provide a reason that he was not responding. In fact, Brady said that he planned to respond, but never did.

These Requests for Admission are listed in the Stipulation (the second set of numbered paragraphs 1-29) which was presented to Mr. Brady, but he declined to comment on the accuracy of the Stipulation, or sign it. Stipulation 8:27-11:15. They include clearly relevant admission regarding Brady's relationship with James Hunt and the companies that James Hunt was involved in, the degree to which Hunt was in control of the underlying action that is the subject matter of malicious prosecution claims, and the communications that Hunt and Brady had, especially concerning Wyles. Even if a few of these strayed from the "limited scope" surely a great many were right on point, but Brady made no effort to distinguish or group of the requests as objectionable or non-objectionable. The only conclusion that can be drawn is that Thomas Brady simply does not like to respond to discovery.

### V.   THOMAS BRADY IS LIABLE FOR DISCOVERY SANCTIONS

The Court has broad power to fashion sanctions that are appropriate for Thomas Brady's avoiding making responses to discovery, both in written form and orally.

### A. Requests for Admission Should be Deemed Admitted as True

Pursuant to Rule 36, the admissions propounded on Thomas Brady should already be admitted as true:

*Time to Respond; Effect of Not Responding.* A matter is admitted unless,

> within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court. FRCP Rule 26(3).

Mr. Brady had the choice of either a written answer or an objection addressed to the individual admission, but he did not have the option of making no response at all. Both sets of Requests for Admission were propounded more than 30 days ago, as was admitted in phone conferences intended to meet and confer. Despite Mr. Brady's assertion at times that he was going to respond, he has not done so up to this time.

The appropriate sanction is for the Court to deem those Requests for Admission as admitted to be true, absence a good faith objection or otherwise showing of a valid excuse.

### B. Thomas Brady Should be Compelled to Submit to a New Deposition to Replace the One Avoided in December 2019

Here, Mr. Brady has avoided appearing at one whole deposition that was stipulated to before the non-expert discovery cut-off, and then appeared at another during the extended discovery only to refuse to respond to large number of questions.

Pursuant to Rule 37(d)(a)(A) "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition. … (2) *Unacceptable Excuse for Failing to Act*. A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c). FRCP Rule 37(d)(1)-(2). Here, Mr. Brady stipulated to a deposition, but only after the discovery cut-off deadline of December 10 did Mr. Brady refuse to appear. The

party did not move for a protective order under Rule 26 or make a formal objection, except to say that it was past the discovery deadline. Therefore Brady stands as a party who failed to attend his own deposition.

Pursuant to Rule 37 "[a] party seeking discovery may move for an order compelling an answer… if: (i) a deponent fails to answer a questioned asked under Rule 30 or 31" (referring to oral examination). FRCP Rule 37(3)(B). When Mr. Brady appeared and submitted to a second deposition noticed February 7, 2020 he failed to answer several questions, as labeled in the draft stipulation C-Z and AA-EE.

The remedy that Plaintiff requests is the most simple: An order to compel Thomas Brady to appear at a newly noticed deposition to replace the one that he failed to appear at, in December of 2019 when he could have been asked broad questions on tall topics. The questions about Mr. Hunt can be folded into such a deposition, whereas any attempt to create a "limited scope" such as the deposition of February 7, 2020 inevitably gives excuses to a reluctant deponent such as Mr. Brady, to avoid and refuse.

### C. Thomas Brady Should Pay Monetary Sanctions to Plaintiff

Pursuant to Rule 37 "If the motion is granted-or if the disclosure or requested discovery is provided after the motion was filed-the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. …" FRCP 37(5)(A).

Counsel has spent approximately 14 hours attempting in good faith to meet and confer with Mr. Brady, catalogue the discovery disputes in stipulation format (which Mr. Brady refused to comment on, or sign), and draft these papers. Prior to that, Counsel spend approximately 5 ½ hours attending the second deposition for

which Mr. Brady refused to respond to many questions, and which Colorado counsel, Mr. Ventola also attended telephonically. That deposition cost Plaintiff $468.55 in court reporter costs. Regarding the Requests for Admission, Counsel allocated at least three hours per set of Requests for Admission propounded on Thomas Brady, including time spent attempting to meet and confer with him about why he refused to respond. This Court previously adopted a "reasonable attorney fee" of $275 per hour for a relatively uncomplicated motion. *See*, Doc.#229. This is within the range requested by Plaintiff and suggested by available case law regarding civil attorney fees in the geographic location, so it is the rate requested here. A total of 31 hours multiplied by $275 equals $8,525 plus either a reimbursement of $468.55 on the failed deposition or an amount appropriate to pay for a new deposition should such be ordered by the Court.

## VI. CONCLUSION

Plaintiff moves the Court for an order to compel Mr. Thomas D. Brady to respond to the Discovery propounded by Plaintiff by sitting at a newly noticed deposition, with a broad scope of questions and without refusing to respond. In the alternative, Plaintiff moves the Court for an order to compel Brady to answer specifically those deposition questions set forth in the joint stipulation.

Plaintiff requests the Court deem all Requests for Admission propounded on Brady and which he failed to object to, to be admitted as true. In the alternative, Plaintiff requests that the Court order Brady to respond to both sets of Admissions.

DATED: April 1, 2020

            Respectfully submitted,
            **Law Offices of Thomas Scully**

            *Thomas Scully, Esq., Attorney for Plaintiff*

## ATTACHMENTS

- Stipulation (drafted by Wyles' counsel but not signed by Brady)
- Declaration of Thomas H. Scully, Esq.
- Email exchanges showing evidence of stipulation to deposition dates
- Deposition Transcript of Thomas Brady February 7, 2020

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this action. I hereby certify that all counsel of record have consented to electronic service and are being served with a copy of this opposition via the Court's CM/ECF system per Local Rule 5-3.2.1 on <u>April 1, 2020</u>.

<u>/s/ Thomas Scully</u>
Thomas Scully

**CERTIFICATION**