Thomas H. Scully (Cal. SBN: 305790)
Thomas@ThomasScullyLaw.com
Attorney for Plaintiff:
Terrence M. Wyles
Business Address:
10736 Jefferson Blvd., #117
Culver City, CA  90230
Telephone: (310) 439-1140
Facsimile: (509) 756-6952

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE M. WYLES,<br>            Plaintiff<br>     v.<br><br>ALLEN ZACHARY SUSSMAN; LOEB & LOEB L.L.P.; ALUMINAID INTERNATIONAL, A.G.; WEST HILLS RESEARCH & DEVELOPMENT, INC. (f/k/a Aluminaid, Inc.); ALUMINAID PTE LTD., aka ADVANCED FIRST AID RESEARCH PTE LTD.; CARL JOHAN FREER; JAMES JOHN HUNT, aka JAMES HUNT; ADAM FREER, aka ADAM AGERSTAM, aka ADAM CARL-JOHAN AGERSTAM; JULIA FREER-AGERSTAM, aka JULIA FREER, aka JULIA AGERSTAM; DAVID ANDREW WARNOCK, aka DAVID WARNOCK; ALEX ARENDT; JOSEPH MATHEW MARTEN, aka JOE MARTEN; and THOMAS D. BRADY, aka TOM BRADY.<br><br>            Defendants. | CASE NUMBER:<br><br>2:17-cv-07722-DMG-SK<br><br>**DECLARATION OF THOMAS H. SCULLY, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM BRADY**<br><br>Discovery Document Referred To: Magistrate Judge Steve Kim<br><br>Hearing Date: _____, 2020<br>Time:  10:00AM<br>Courtroom:  540 Roybal |

-1-
**DECLARATION OF THOMAS SCULLY, ESQ. IN SUPPORT OF PLAINTIFF**

# DECLARATION OF THOMAS H. SCULLY, ESQ.

I, Thomas Scully, hereby declare all the facts herein to be true, based on my personal knowledge.  If called upon as a witness I could and would competently testify thereto.  Where the facts are based upon my conversations with others, or otherwise alleged on information or belief, I believe them to be true.

1. I spoke with Mr. Brady by telephone and in a series of email exchanges during November of 2019 in an attempt to set a deposition date that would be convenient to all parties.  When offered dates, Mr. Brady consistently preferred the later dates, citing appointments and medical needs.  In an attempt to accommodate Mr. Brady, we settled on December 11 even though it was a day after the cut-off, but then we had to change it.  I suggested December 6 in order to be well clear of the discovery cut-off, but Mr. Brady preferred December 13, 2019 that would have been after.  Attached are true and correct copies of the email exchanges that provide evidence of our communications, both telephonic and electronic.

2. I and my client agreed to December 13, 2019.  Earlier in that week Mr. Wyles appeared to be deposed by the law firm for Mr. Marten, at which Mr. Brady also appeared to question my client.  Within a day of that occurrence, and after December 10, 2019, Mr. Brady stated that he would not appear for his own deposition December 13 on the basis that the discovery cut-off had passed.

3. I did not at once file an objection to the conduct of Mr. Brady in avoiding giving deposition testimony because the defendant James John Hunt had just been served, and I made a reasonable assumption that the discovery timeframe would be extended in order to include the new party.  When it turned out that the Court was only inclined to extend non-expert discovery as to Mr. Hunt only, I proceeded to notice a new deposition of Mr. Brady hoping that even in the limited scope we would have a productive deposition.

-1-
**DECLARATION**

4.  Mr. Brady appeared for his more limited scope deposition which occurred February 7, 2020 and for which Mr. Marten's counsel also appeared. Brady, representing himself, refused to answer many questions which were merely basic background questions or inquired into areas that were reasonably calculated to lead to admissible evidence as to Mr. Hunt as well as the facts of the relationships of the various parties generally. Yet at the same time, Mr. Brady at times freely discussed meetings he had with people not involved with Mr. Hunt, and where Mr. Hunt was not present.

5.  During this same timeframe, I propounded Requests for Admission upon Mr. Brady January 25, 2020 during the extended discovery period that were directed specifically to issues about Mr. Hunt. I asked Mr. Brady if he was planning to respond. He did not object or provide any reason he should not respond, but at times told me over the phone that he planned to respond, except for our last conversation when he said he was not planning to do anything. As of the date of this declaration, he has still not responded.

6.  In an attempt to resolve our discovery disputes, pursuant to Local Rule 37-1, I personally reached out to Mr. Brady and had at least two telephone conversations on March 5 and March 10 totaling more than an hour and a half of time. We did not resolve any disputes. Meeting by telephone was Brady's idea, and for convenience, especially considering the current health emergency.

7.  Pursuant to Local Rule 37-2, I drafted a list of our discovery disputes that we had discussed, and emailed the proposed stipulation March 13, and then followed up the next week by sending it again. Mr. Brady declined to comment on its accuracy, propose any changes to my draft or sign the stipulation.

8.  March 26, 2020 we had one more conversation in which Mr. Brady indicated he had no intention of cooperating at all.

9.  Reviewing my invoices, I allocated about three hours on each of the sets of written discovery "Requests for Admission" propounded on Mr. Brady,

which includes followup time that I spent trying to meet and confer with him to find out why he was not responding. I spent approximately 14 hours on this motion to compel discovery, and prior to that, the deposition occupied approximately 5 ½ hours of my time, as well as a similar amount of time of the Colorado counsel, Mr. Ventola. My client has paid $468.55 in court reporter costs to date.

Signed under penalty of perjury under the laws of California and Federal Rules of Civil Procedure, this 1st day of April, 2020 in Culver City, California.

By: _____
*Thomas Scully, Esq., Attorney for*
*Plaintiff Terrence M. Wyles*

-3-
**DECLARATION**